IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| EXXON MOBIL CORPORATION and ) | |
| HOLCIM (US) INC., ) | |
| ) | |
| Defendants ) | |

**COMPLAINT**

The United States of America, by the authority of the Attorney General of the United States, by and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERLA"), 42 U.S.C. § 9607, for the recovery of costs incurred or to be incurred by the United States for response actions taken at or in connection with the release or threat of release of hazardous substances at the Coastal Radiation Services Superfund Site in the City of St. Gabriel, Iberville Parish, Louisiana. The United States also seeks, pursuant to CERCLA Section 113, 42 U.S.C. § 9613, a declaratory judgment, binding in any subsequent action by the United States to recover further response costs, that the Defendants are liable for future response costs incurred by the United States in connection with the Site.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. Sections 9607 and 9613(b) and 28 U.S.C. Sections 1331 and 1345.

3. Venue is proper in this District pursuant to 42 U.S.C. Section 9613(b) and 28 U.S.C. Section 1391(b) and (c) because the release or threatened release of hazardous substances that gives rise to the action occurred in this District and because and because Defendants reside in this district.

## DEFENDANTS

4. Exxon Mobil Corporation ("Exxon Mobil") is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

5. Holcim (US) Inc. ("Holcim") is a "person" within the meaning of Section 101(2) of CERCLA, 42 U.S.C. § 9601(21).

## GENERAL ALLEGATIONS

6. Between 1973 and 1978, Exxon entities, including at least the Exxon Baton Rouge Refinery, had Coastal Radiation Services, Inc. ("Coastal Radiation") pick up "nuclear gauges" and/or "sealed sources" containing cesium. (A nuclear gauge uses a beam of radioactivity. A sealed source is the source of the radioactivity in the gauge.) In 1973 Exxon entities had Coastal Radiation pick up at least four cesium-containing gauges or sources. In 1975 Exxon entities had Coastal Radiation pick up at least two cesium-containing gauges or sources. During 1977 and 1978, Exxon entities had Coastal Radiation pick up at least 30 cesium-containing gauges or sources.

7. In May 1977, the Exxon Research and Development Laboratories had Coastal Radiation pick up one 55-gallon drum and one wooden barrel, both containing thorium, as well as one empty wooden barrel that had once contained thorium. The Exxon Research and Development Laboratories had the material picked up and removed from Exxon premises for disposal.

8. Coastal Radiation provided for the removal and disposal, including transportation from owners' premises any radioactive material no longer needed. The Exxon Research and Development Laboratories disposed of radioactive materials through Coastal Radiation, which Exxon considered to be an authorized disposal contractor.

- 2 -

9. Holcim's predecessor, Ideal Basic Industries, Inc., also known as Ideal Cement, operated a cement manufacturing facility in Baton Rouge, Louisiana. In 1975, Coastal Radiation picked up at least three cesium-containing gauges or sources from Ideal Cement.

10. Mr. Lisle Posey, who operated Coastal Radiation and owned and operated part of the Site, opened nuclear gauges to extract sealed sources. He also, on at least one occasion cut into a sealed source and released cesium-137 to the ground.

11. The Site was contaminated with radioactive material, primarily cesium-137 and thorium-232. EPA conducted a removal assessment at the Site from January 2001 to early March 2001. Beginning in March 2001, 840 soil samples were collected from 204 locations at the Site. In August 2002, the extent of the contamination was mapped using an ultrasonic ranging and data system (USRADS). Excavation began on September 11, 2002. EPA removed 4,415 cubic yards of radiologically contaminated soil and 111 tons of non-hazardous debris. EPA placed 5,841 cubic yards of clean fill on the Site to return it to its original grade. The deeper excavations were between one and twelve feet deep. Smaller, surface "hot spots" were removed by shallow excavation. EPA completed the excavation and most of the Site restoration by June 12, 2003. Minor restoration and monitoring activities continued until December 2003. As of October 31, 2007, the United States had incurred unreimbursed response costs in connection with the Site in excess of $ 7,542,587.

12. Both Holcim and Exxon Mobil, or their predecessors in interest, are persons who — by contract, agreement, or otherwise — arranged for disposal or treatment, or arranged with a transporter for disposal or treatment, of hazardous substances that caused the incurrence of response costs.

- 3 -

Case 3:10-cv-00222-RET-CN   Document 1   04/01/10   Page 4 of 8

13. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides that any person who arranges for disposal or treatment, or arranges with a transporter for transport for disposal or treatment, of hazardous substances at a facility from which there is a release, or a threatened release, of a hazardous substance that causes the incurrence of response costs shall be liable for "(A)" all costs of removal or remedial action incurred by the United States not inconsistent with the national contingency plan, and "(D)" for the costs of any health assessment or health effects study carried out under Section 104(i) of CERCLA, 42 U.S.C. § 9604(i).

14. Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), provides that in any action for recovery of costs "the court shall enter a declaratory judgment on liability for response costs . . . that will be binding on any subsequent action or actions to recover further response costs."

## CLAIM FOR RELIEF

15. Defendant Exxon Mobil is liable as a person, or the successor to a person, who arranged for the disposal or treatment, or the transport for disposal or treatment, of hazardous substances within the meaning of Sections 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

16. Defendant Holcim is liable as a person, or the successor to a person, who arranged for the disposal or treatment, or the transport for disposal or treatment, of hazardous substances within the meaning of Sections 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

17. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

18. There was a "release" or a threatened "release" within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22) of "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), into the environment at and from the Site.

- 4 -

19. The actions taken by the United States in connection with the Site constitute "response" actions within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), in connection with which the United States has incurred costs.

20. The costs incurred by the United States in connection with the Site are not inconsistent with the national contingency plan, which was promulgated pursuant to Section 105(a) of CERCLA, 42 U.S.C. § 9605(a), and codified at 40 C.F.R. Part 300.

21. Pursuant to Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), Defendants are jointly and severally liable to the United States for all unreimbursed response costs incurred and to be incurred by the United States in connection with the Site, including enforcement costs and prejudgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America prays that this Court:

1. Enter judgment in favor of the United States and against Defendants, jointly and severally, for all unreimbursed costs, including enforcement and prejudgment interest, incurred by the United States for response actions in connection with the Site;

2. Enter a declaratory judgment as to Defendants' liability that will be binding in subsequent actions against Defendants to recover further response costs incurred by the United States for response actions related to the Site;

3. Award the Unites States its cost of this action; and

4. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

*Ignacia S. Moreno*
IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice


*Robert R. Klotz*
ROBERT R. KLOTZ
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: 202-514-5516
Fax: 202-514-8865
E-mail: Robert.Klotz@usdoj.gov

DAVID R. DUGAS
United States Attorney

s/ John J. Gaupp
JOHN J. GAUPP, LBN 14976   Local Counsel
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: 225-389-0443
Fax: 225-389-0685
E-mail: john.gaupp@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that, on this day, I caused true and correct copies of the foregoing *Complaint* to be served by first class mail, postage prepaid, on the following:[1]

| | |
|---|---|
| Corporation Service Company<br>320 Somerulos Street<br>Baton Rouge, LA 70802-6129<br>(504) 387-8330 | [For Exxon Mobil Corporation] |
| Mark A. Zuschek<br>Exxon Mobil Corporation<br>3225 Gallows Road<br>Fairfax, VA 22037<br>703-846-2793 (Office); 703-851-0663 (Cell); Fax: 262-313-2245<br>E-mail: mark.a.zuschek@exxonmobil.com | [For Exxon Mobil Corporation] |
| Jay Tangney, Esq.<br>Vice President, General Counsel and Corporate Secretary<br>Holcim (US) Inc.<br>201 Jones Road<br>Waltham, MA 02451<br>781-647-2516 | [For Holcim (US) Inc.] |
| Stephen Jantzen<br>Ryan Whaley Coldirion Shandy PC<br>119 North Robinson Avenue, Suite 900<br>Oklahoma City, OK 73102<br>Phone (main): (405) 239-6040; Phone (direct) 405-228-2136; Fax: 405-239-6766<br>E-mail: sjantzen@ryanwhaley.com | [For Holcim (US) Inc.] |

Date: 3 · 30 · 2010

                                                        _Robert R. Klotz_
                                                   ROBERT R. KLOTZ
                                                   Senior Attorney
                                                   Environmental Enforcement Section
                                                   Environment and Natural Resources Division
                                                   U.S. Department of Justice
                                                   P.O. Box 7611
                                                   Washington, D.C. 20044-7611
                                                   Telephone: 202-514-5516
                                                   Fax: 202-514-8865
                                                   E-mail: Robert.Klotz@usdoj.gov

---

[1]     Both Exxon Mobil Corporation and Holcim (US) Inc. have agreed to accept service by mail and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. (See page 21, paragraph 37 of the Consent Decree lodged simultaneously with the filing of this Complaint.)